UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| TSR LLC, | Case No.: 2:21-cv-1705 |
| Plaintiff, | COMPLAINT FOR DECLARATORY JUDGMENT |
| v. | |
| WIZARDS OF THE COAST LLC, | |
| Defendant. | |

COMES NOW Plaintiff, TSR LLC ("TSR") and brings its Complaint for Declaratory Judgment against Defendant WIZARDS OF THE COAST LLC ("Defendant"), alleging as follows:

## I.   THE PARTIES

1. TSR is a limited liability company organized and existing under the laws of the State of Wisconsin and is authorized by the North Carolina Secretary of State to conduct business in the State of North Carolina. TSR maintains and conducts business from an office in Wilmington, North Carolina.

2. Defendant is a limited liability company organized under the laws of the State of Delaware and is authorized by the Washington Secretary of State to conduct business in the State of Washington. Defendant maintains and conducts business from a principal office in Renton, Washington.

///

Page 1 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

## II.   JURISDICTION AND VENUE

3.   Defendant is subject to personal jurisdiction in the Western District of Washington because at all material times, it regularly conducted substantial business activities in the Western District of Washington through its ownership, management, and control of its office in Renton, Washington.  Further, Defendant advertises events, store sales, and internet sales of its products throughout the State of Washington, including within the Western District of Washington.

4.   Jurisdiction is proper in this Court because this litigation arises under federal law, namely 15 U.S.C. § 1051 *et seq.* (Lanham Act) and 17 U.S.C. § 101 *et seq.* (Copyright Act).  The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks and copyrights), and 28 U.S.C. § 2201 *et seq.* (Declaratory Judgment Act).

5.   Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendant is a resident of the State of Washington and resides in this district.

6.   An actual case or controversy has arisen between the parties.  Defendant has repeatedly asserted ownership of certain trademark rights and copyrights in certain letters, words, and images (collectively, the "Marks at Issue" comprised of the August 2020 Applications, October 2020 Application, and August 2021 Applications, each defined below) registered by TSR and has asserted that TSR's use of certain images and words infringes trademark rights and copyrights owned by Defendant.

## III.   FACTS

7.   TSR incorporates by reference all allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

8.   This is a trademark and copyright dispute brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, and Rule 57 of the Federal Rules of Civil Procedure, seeking declarations of the ownership of the Marks at Issue.

Page 2 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

9. Defendant is a limited liability company and a creator, manufacturer, and distributor of tabletop role playing games, as well as other products and services. Defendant distributes its products throughout the country and on the internet.

10. TSR has applied to register the letters, words, and images used in the Marks at Issue as trademarks with the United States Patent and Trademark Office ("USPTO") for use with tabletop role playing games and accessories.

11. TSR, Inc. was a Wisconsin corporation that owned the rights to a number of trademarks used in association with tabletop role playing games.

12. Upon information and belief, TSR, Inc. sold its assets to Defendant in or around 1997.

13. Upon information and belief, only two assignments of trademark registrations related to the Marks at Issue were ever recorded in favor of Defendant.

14. Defendant did not maintain or apply for trademark registrations for any of the Marks at Issue after allegedly acquiring the ownership rights in 1997; rather, TSR, Inc. had already abandoned some of these registrations, and Defendant abandoned the two registrations for which assignments were recorded naming Defendant as assignee.

15. Upon information and belief, Defendant stopped manufacturing and selling several of the products previously sold and distributed through TSR, Inc.

16. Despite not maintaining the registrations for the Marks at Issue or putting them into use in interstate commerce, Defendant has continued to assert ownership of the Marks at Issue and repeatedly ordered TSR to stop registering, using, and/or promoting the Marks at Issue.

17. TSR has repeatedly requested evidence that supports Defendant's assertions that it owns the Marks at Issue and the associated copyrights and has only received links to websites that Defendant admits are maintained by other entities that Defendant claims are authorized licensees of the Marks at Issue.

Page 3 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

18. TSR has repeatedly requested proof of the licensing agreements Defendant claims to have with the two parties it claims are authorized licensees, but Defendant has not provided said agreements.

19. Despite repeated requests from TSR, Defendant has failed to provide any evidence that it owns the copyrights to the images incorporated into the Marks at Issue. Rather, Defendant filed a cancellation proceeding (Cancellation Proceeding Number 92078589) on December 6, 2021 asking the Trademark Trial and Appeal Board of the USPTO to cancel a single registration for one of the Marks at Issue (the Game Wizards Logo as defined below).

20. In view of the foregoing and because Defendant has repeatedly ordered TSR to stop registering, using, and/or promoting the Marks at Issue and taken the position that TSR's behavior constitutes trademark and copyright infringement, TSR seeks a declaration that the copyrights and trademark rights to the Marks at Issue are not owned by Defendant.

21. TSR received an assignment of the applications to register a number of trademarks with the USPTO in trademark classification code for: paper goods ("Class 16"); role playing game equipment in the nature of game book manuals and for games ("Class 28") such as dice games; equipment sold as a unit for playing role playing games; equipment sold as a unit for playing parlor games; role playing games; tabletop hobby battle games in the nature of battle, war and skirmish games, fantasy games, and playing equipment sold as a unit therewith. These applications were filed in August 2020. Specifically, TSR filed the following USPTO applications (collectively, the "August 2020 Applications"):

   a. Serial Number 90124788 to register an image of a lizard on or about August 19, 2020 (the "Lizard Image"); and

   b. Serial Number 90124839 (Registration Number 6472675) to register an image of a man with a beard with the letters "TSR" and the phrase "THE GAME WIZARDS" on or about August 19, 2020 (the "Game Wizards Logo").

Page 4 – COMPLAINT FOR DECLARATORY JUDGMENT

22. TSR applied to register the following trademarks with the USPTO in Class 16 and Class 28 in October 2020 (the "October 2020 Application"). Specifically, TSR filed to register the trademark "STAR FRONTIERS" (Serial Number 90276506) on or about October 25, 2020 (the "Star Frontiers Mark").

23. On or about June 30, 2021, Defendant, through its counsel, contacted TSR advising that Defendant claims exclusive trademark rights and copyrights in the Marks at Issue listed in the applications below for which TSR had applied for registration. Further, the communication from Defendant's counsel stated that the Marks at Issue had been in continuous use by Defendant since they were acquired from its original owner (TSR, Inc.) in 1997 and provided links to two websites allegedly offering for sale products bearing each of the Marks at Issue being sold with Defendant's permission. Defendant's counsel demanded that TSR abandon the August 2020 Applications and the October 2020 Application and stop making any use of any words and/or images to which Defendant claims ownership.

24. TSR applied to register the following trademarks with the USPTO in the noted Classes in August 2021 (collectively, the "August 2021 Applications"):

    a. Serial Number 90884176 to register the letters "TSR" in Class 16 and Class 28 (the "TSR Mark"); and

    b. Serial Number 90893809 to register the letters "STAR FRONTIERS" in Class 28 (the "Second Star Frontiers Mark").

25. TSR has made repeated requests to Defendant, through its counsel, for information that supports Defendant's contention that the Marks at Issue have been in continuous use since 1997 (including information relating to sales taking place through entities it claims are authorized licensees), as well as information to support Defendant's contention that it owns the copyrights to the images used in the Game Wizards Logo and the Lizard Image.

///

Page 5 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

26. Despite these repeated requests, Defendant has provided no evidence to support Defendant's contention that the marks have been in continuous use by Defendant since 1997.

27. To date, no information has been provided by Defendant regarding the licensing agreements it alleges it has with two distributors of its products or Defendant's own use of the Marks at Issue.

28. Upon information and belief, Defendant intentionally abandoned and/or has no trademark rights/copyrights in the Marks at Issue in that it either:

    a. Stopped selling products bearing any of the Marks at Issue in or around 1997 or never produced products bearing the Marks at Issue at all;

    b. Did not maintain or protect any trademark registrations for the following Marks at Issue:

        i. The registration for the Game Wizards Logo owned by TSR, Inc. (USPTO Registration Number 1241135) was deemed abandoned by the USPTO on November 20, 1989 prior to Defendant's purchase of TSR, Inc. assets; and

        ii. The registration for the Star Frontiers Mark owned by TSR, Inc. (USPTO Registration Number 1245487) was deemed abandoned by the USPTO on April 17, 2004 after Defendant's purchase of TSR, Inc. assets;

    c. Did not oppose the USPTO's issuance of a trademark registration (Number 4298789) to a third party for the letters "TSR" in a trademark classification code (Class 41) for the services of publishing of paper and electronic books, namely, game manuals, rule books, magazines and newsletters related to games and gaming;

/ / /

/ / /

Page 6 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

    d.    Abandoned the Marks at Issue prior to entering into licensing agreements with third parties and as a result, Defendant licensed marks it did not own to those licensees;

    e.    Never used the Lizard Image as a trademark at any time and as a result, has never developed any trademark rights in that image;

    f.    Never owned any copyright in the Lizard Image (Greg Bell was the artist that drew the Lizard Image, and he was never an employee of TSR, Inc. or Defendant, and he never signed a work for hire agreement or a copyright assignment or license transferring any rights to TSR, Inc. or Defendant); and/or

    g.    Never owned any copyright to the Game Wizards Logo (that image was drawn by Darlene Jean Pekul at a time when she was not an employee of TSR, Inc. or Defendant, and she never signed a work for hire agreement or a copyright assignment or license transferring any rights to TSR, Inc. or Defendant).

## IV.   FIRST CLAIM FOR RELIEF

**(Declaratory Judgment—Lack of Ownership of Trademarks, 15 U.S.C. § 1051, *et seq.*)**

29.    TSR incorporates by reference all allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.    Defendant has repeatedly claimed ownership of the trademark rights regarding the letters, words, and images contained in the Marks at Issue and has accused TSR of infringing upon those trademark rights for the following trademark applications and registrations:

    a.    The Lizard Image (USPTO application Serial Number 90124788; USPTO Registration Number 6457620);

///

Page 7 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile:  503-802-5351

      b.    The Game Wizards Logo (USPTO application Serial Number 90124839; USPTO Registration Number 6472675);

      c.    The Star Frontiers Mark (USPTO application Serial Number 90276506);

      d.    The TSR Mark (USPTO application Serial Number 90884176); and

      e.    The Second Star Frontiers Mark (USPTO application Serial Number 90893809).

31. An actual, present, and justiciable controversy has arisen between TSR and Defendant regarding the ownership of the Marks at Issue.

32. TSR seeks a declaratory judgment from this Court that the trademark rights to the Marks at Issue are not owned by Defendant.

## V.   SECOND CLAIM FOR RELIEF

**(Declaratory Judgment—Lack of Ownership of Copyright, 17 U.S.C. § 501, *et seq.*)**

33. TSR incorporates by reference all allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant has repeatedly claimed ownership of the copyright of the images used in the Marks at Issue and has accused TSR of infringing upon the copyrights in the images in the Marks at Issue, specifically:

      a.    The Lizard Image (USPTO application Serial Number 90124788; USPTO Registration Number 6457620); and

      b.    The Game Wizards Logo (USPTO application Serial Number 90124839; USPTO Registration Number 6472675).

35. An actual, present, and justiciable controversy has arisen between TSR and Defendant regarding the ownership of the copyright to the images incorporated into the Marks at Issue.

36. TSR seeks a declaratory judgment from this Court that Defendant does not own the copyright to any of the images incorporated into the Marks at Issue.

Page 8 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

## VI. RELIEF REQUESTED

WHEREFORE, TSR respectfully requests the following relief:

1. That judgment be entered for TSR and against Defendant according to the declaratory relief sought;

2. That the Court award TSR its costs and fees in this action, including but not limited to TSR's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

3. For trial by jury on all issues so triable; and

4. For any further relief to which TSR may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

DATED this 29th day of December, 2021.

IMMIX LAW GROUP PC

_____
Dayna J. Christian, WSB No. 32459
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351

*Attorneys for Plaintiff, TSR LLC*

Page 9 – COMPLAINT FOR DECLARATORY JUDGMENT

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351