The Honorable S. Kate Vaughan

1

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8
AT SEATTLE

9
TSR LLC,

Case No. 2:21-cv-01705-SKV

10
                    Plaintiff,

**MOTION FOR STIPULATED
11        v.
PROTECTIVE ORDER**

12
WIZARDS OF THE COAST LLC,

NOTE ON MOTION CALENDAR:
June 14, 2022
13
                    Defendant.

14
WIZARDS OF THE COAST LLC,
15
                    Counterclaim Plaintiff,
16
          v.
17
TSR LLC; JUSTIN LANASA; and
18
DUNGEON HOBBY SHOP MUSEUM LLC,

19
                    Counterclaim Defendants.

20
**I.    RELIEF SOUGHT**

21
        Pursuant to Rule 26(c), Plaintiff and Counterclaim Defendant TSR LLC, Defendant

22 and Counterclaim Plaintiff Wizards of the Coast LLC, and Counterclaim Defendants Justin

23 LaNasa and Dungeon Hobby Shop Museum LLC (collectively, the "parties" or in the singular

24 each a "party") jointly move the Court for an order adopting and entering a proposed Stipulated

25 Protective Order, filed herewith as Exhibit A.

MOTION FOR STIPULATED PROTECTIVE ORDER                                      PAGE - 1
(Case No. 2:21-CV-01705-SKV)

The Proposed Stipulated Protective Order, agreed to by the parties, is entered to facilitate the production of discovery materials between the parties and is not an admission by any of the parties that material produced pursuant to the proposed Stipulated Protective Order is in fact, confidential, proprietary or private information that warrants confidential treatment under Rule 26(c)( 1) of the Federal Rules of Civil Procedure ("Rule 26(c)(1)"). The parties, however, agree that entry of the proposed Stipulated Protective Order will protect the respective interests of the parties in producing material they believe, in good faith, warrants protection pursuant to Rule 26(c)(1) and provides a framework for the parties to make any necessary challenges to the confidentiality designation of the producing party.

## II.    CERTIFICATION

On April 18, 2022, the undersigned parties held a telephonic, remote good faith meet and confer conference, and subsequently on May 17, 2022, submitted their Joint Status Report and Proposed Discovery Plan (Dkt. 24) pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and the Court's Order Regarding Initial Disclosures, Joint Status Report, Case Procedures, and Early Settlement (Dkt. 20).

In preparing the proposed Stipulated Protective Order, the parties followed the directives set forth for such an order on the website for the Western District of Washington. Specifically, each of the parties made their best effort to list specific categories of documents that they may, respectively, contend are entitled to protection pursuant to Rule 26(c)(1).

Accordingly, in Section 2 of the proposed Stipulated Protective Order, the parties listed the categories of documents that they may contend are protected by Rule 26(c)(1) and/or are entitled to special protection: confidential business and financial information, including but not limited to proprietary business information and sensitive customer or client information.

The proposed Stipulated Protective Order is limited to information that one or more of the respective parties may contend is entitled to confidential treatment under applicable legal

principles and does not purport to confer blanket protection on all disclosures or responses to discovery. Nor does the proposed Stipulated Protective Order presumptively entitle the Parties to file confidential information under seal. Pursuant to Local Rule 26(c)(2), a redline comparing the proposed Stipulated Protective Order with the Model Stipulated Protective Order for the Western District of Washington is filed herewith as Exhibit B.

### III.    STIPULATION

During the course of this litigation, the parties will produce documents or stipulate to the release of documents, including confidential business and financial information, including but not limited to proprietary business information and sensitive customer or client information. Finally, the parties' production of documents and information will include personal contact information of third parties.

The above-identified material is discoverable under Rule 26(a) of the Federal Rules of Civil Procedure, subject to possible redactions. The parties want to ensure that the information is not disclosed outside the confines of litigation between them. To that end, the parties jointly submit the proposed Stipulated Protective Order, filed herewith as Exhibit A, to protect information designated as "confidential" by any party, and provide a mechanism for resolving disputes over whether information should be covered by the proposed Stipulated Protective Order.  The parties believe that the proposed Stipulated Protective Order is the appropriate vehicle for ensuring that confidential information is accessible to all parties without exposing the provider to unnecessary disclosure of confidential information.

### IV.    CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant their joint Motion for Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  The parties jointly ask that this Court enter the Stipulated Protective Order in the form attached as Exhibit A.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 14, 2022

s/ Dayna J. Christian
Dayna J. Christian, WSB #32459
Immix Law Group PC
400 Winslow Way E., Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Fax: (503) 802-5351
Email: dayna.christian@immixlaw.com

*Attorneys for Plaintiff and Counterclaim Defendants*

DATED: June 14, 2022

s/ Russell D. Nugent
Russell D. Nugent, *pro hac vice*
The Humphries Law Firm P.C.
1904 Eastwood Rd, Ste 310A
Wilmington, NC 28403
Phone:  910-899-0236
Fax:  888-290-7817
Email: russell@kinglawonline.com

*Attorneys for Plaintiff and Counterclaim Defendants*

DATED: June 14, 2022

s/ Lauren B. Rainwater
Stuart R. Dunwoody, WSBA #13948
Lauren B. Rainwater, WSBA #43625
MaryAnn T. Almeida, WSBA #49086
Eric A. Franz, WSBA #52755
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email:  stuartdunwoody@dwt.com
Email:  laurenrainwater@dwt.com
Email:  maryannalmeida@dwt.com
Email:  ericfranz@dwt.com

*Attorneys for Defendant and Counterclaim Plaintiff*

**EXHIBIT A**

**PROPOSED STIPULATED PROTECTIVE ORDER**

The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TSR LLC,

               Plaintiff,

    v.

WIZARDS OF THE COAST LLC,

               Defendant.

WIZARDS OF THE COAST LLC,

               Counterclaim Plaintiff,

    v.

TSR LLC; JUSTIN LANASA; and
DUNGEON HOBBY SHOP MUSEUM LLC,

               Counterclaim
Defendants.

Case No. 2:21-cv-01705-SKV

**STIPULATED PROTECTIVE ORDER**

## I.   STIPULATION

1.   <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff and Counterclaim Defendant TSR LLC, Defendant and Counterclaim Plaintiff Wizards of the

Coast LLC, and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum LLC (collectively, the "parties" or in the singular each a "party") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:  Confidential business and financial information, including but not limited to proprietary business information and sensitive customer or client information.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be

STIPULATED PROTECTIVE ORDER                                    PAGE - 2
(Case No. 2:21-CV-01705-SKV)

1    disclosed only to the categories of persons and under the conditions described in this

2    agreement. Confidential material must be stored and maintained by a receiving party at a

3    location and in a secure manner that ensures that access is limited to the persons authorized

4    under this agreement. It is expressly intended and agreed that Confidential material will not be

5    made public via social media, Internet publication, or otherwise.

6        4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise

7    ordered by the court or permitted in writing by the designating party, a receiving party may

8    disclose any confidential material only to:

9        (a)    the receiving party's counsel of record in this action, as well as

10   employees of counsel to whom it is reasonably necessary to disclose the information for this

11   litigation;

12       (b)    the officers, directors, and employees (including in house counsel) of the

13   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

14   agree that a particular document or material produced is for Attorney's Eyes Only and is so

15   designated;

16       (c)    experts and consultants to whom disclosure is reasonably necessary for

17   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

18   (Exhibit A);

19       (d)    the court, court personnel, and court reporters and their staff, including

20   any court reporter or videographer reporting a deposition;

21       (e)    copy or imaging services, database services, and trial support firms

22   retained by counsel to assist in the duplication, production, or storage of confidential material,

23   provided that counsel for the party retaining the service instructs the service not to disclose

24   any confidential material to third parties and to immediately return all originals and copies of

25   any confidential material;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)      other persons only by written consent of the producing party or upon order of the court, and on such conditions as may be agreed or ordered.

4.3      <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result

in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) the designating party must affix the word "CONFIDENTIAL" to the bottom of each page of the document.

(b)      <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  All deposition transcripts will be treated as confidential for fifteen days after receipt of the transcript.  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)      <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

STIPULATED PROTECTIVE ORDER                                              PAGE - 6
(Case No. 2:21-CV-01705-SKV)

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued

STIPULATED PROTECTIVE ORDER                                    PAGE - 7
(Case No. 2:21-CV-01705-SKV)

by the designating party whose confidential material may be affected.

8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Stipulated Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

    a)  promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

    b)  promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c)  make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.     NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

1    The confidentiality obligations imposed by this agreement shall remain in effect until

2  a designating party agrees otherwise in writing or a court orders otherwise.

3                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4  DATED: June 14, 2022                    s/ Dayna J. Christian
                                           Dayna J. Christian, WSB #32459
5                                          Immix Law Group PC
                                           400 Winslow Way E., Suite 210
6                                          Bainbridge Island, WA 98110
                                           Phone: (503) 802-5533
7                                          Fax: (503) 802-5351
                                           Email: dayna.christian@immixlaw.com
8
                                           *Attorneys for Plaintiff and Counterclaim*
9                                          *Defendants*

10
   DATED: June 14, 2022                    s/ Russell D. Nugent
11                                         Russell D. Nugent, *pro hac vice*
                                           The Humphries Law Firm P.C.
12                                         1904 Eastwood Rd, Ste 310A
                                           Wilmington, NC 28403
13                                         Phone:  910-899-0236
                                           Fax:  888-290-7817
14                                         Email: russell@kinglawonline.com

15                                         *Attorneys for Plaintiff and Counterclaim*
                                           *Defendants*
16

17  DATED: June 14, 2022                   s/ Lauren B. Rainwater
                                           Stuart R. Dunwoody, WSBA #13948
18                                         Lauren B. Rainwater, WSBA #43625
                                           MaryAnn T. Almeida, WSBA #49086
19                                         Eric A. Franz, WSBA #52755
                                           DAVIS WRIGHT TREMAINE LLP
20                                         920 Fifth Avenue, Suite 3300
                                           Seattle, WA  98104-1610
21                                         Phone: (206) 622-3150
                                           Fax: (206) 757-7700
22                                         Email:  stuartdunwoody@dwt.com
                                           Email:  laurenrainwater@dwt.com
23                                         Email:  maryannalmeida@dwt.com
                                           Email:  ericfranz@dwt.com
24
                                           *Attorneys for Defendant and Counterclaim*
25                                         *Plaintiff*

STIPULATED PROTECTIVE ORDER                                    PAGE - 10
(Case No. 2:21-CV-01705-SKV)

1

**II.   ORDER**

2          PURSUANT TO STIPULATION, IT IS SO ORDERED.

3          IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of

4   any documents in this proceeding shall not, for the purposes of this proceeding or any other

5   federal or state proceeding, constitute a waiver by the producing party of any privilege

6   applicable to those documents, including the attorney-client privilege, attorney work-product

7   protection, or any other privilege or protection recognized by law.

8

9   DATED:_____

10

11                                                    _____
                                                      The Honorable S. Kate Vaughan
                                                      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER                                      PAGE - 11
(Case No. 2:21-CV-01705-SKV)

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on

_____ [date] in the case of *TSR LLC v. Wizards of the Coast LLC and Wizards of the*

*Coast LLC v. TSR LLC, Justin LaNasa, and Dungeon Hobby Shop Museum* (Case No. 2:21-

cv-01705-SKV). I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER                                    PAGE - 12
(Case No. 2:21-CV-01705-SKV)

**EXHIBIT B**

**REDLINED STIPULATED PROTECTIVE ORDER**

The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSR LLC, | Case No. 2:21-cv-01705-SKV |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| WIZARDS OF THE COAST LLC, | |
| Defendant. | |
| WIZARDS OF THE COAST LLC, | |
| Counterclaim Plaintiff, | |
| v. | |
| TSR LLC; JUSTIN LANASA; and DUNGEON HOBBY SHOP MUSEUM LLC, | |
| Counterclaim Defendants. | |

## I.   STIPULATION

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiff and Counterclaim Defendant TSR LLC, Defendant and Counterclaim Plaintiff Wizards of the Coast LLC, and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum LLC (collectively, the "parties" or in the singular each a "party") the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: [The parties must include a list of specific documents such as "company's customer list" or "plaintiff's medical records;" do not list broad categories of documents such as "sensitive business material"].   Confidential business and financial information, including but not limited to proprietary business information and sensitive customer or client information.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

        4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. <u>It is expressly intended and agreed that Confidential material will not be made public via social media, Internet publication, or otherwise.</u>

        4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

        (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

        (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    the court, court personnel, and court reporters and their staff, <u>including any court reporter or videographer reporting a deposition</u>;

        (e)    copy or imaging services, <u>database services, and trial support firms</u> retained by counsel to assist in the duplication, <u>production,</u> <u>or storage</u> of confidential material,

provided that counsel for the party retaining the ~~copy or imaging~~ service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i~~h~~)   other persons only by written consent of the producing party or upon order of the court, and on such conditions as may be agreed or ordered.

4.3   <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the

confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    DESIGNATING PROTECTED MATERIAL

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those ~~parts of~~ material*s*, documents, items, or oral or written communications that qualify, so that other ~~portions of the~~ material*s*, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, ~~second paragraph of~~ section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

        (a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings)~~,~~ the designating party must affix the word "CONFIDENTIAL" to the bottom of

each page of the document.~~each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).~~

(b)      <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties ~~must~~ <u>may</u> identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  <u>All deposition transcripts will be treated as confidential for fifteen days after receipt of the transcript.</u>  Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)      <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Stipulated Protective Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

a)  promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b)  promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c)  make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within fourteen days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its pProtected mMaterial.

98.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

109.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

1110.   NON- TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

1    Notwithstanding this provision, counsel are entitled to retain one archival copy of all

2    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

3    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

4    work product, even if such materials contain confidential material.

5    The confidentiality obligations imposed by this agreement shall remain in effect until

6    a designating party agrees otherwise in writing or a court orders otherwise.

7

8                  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9    DATED: _____          _____
                                             Dayna J. Christian, WSB #32459
10                                           Immix Law Group PC
                                             400 Winslow Way E., Suite 210
11                                           Bainbridge Island, WA 98110
                                             Phone: (503) 802-5533
12                                           Fax: (503) 802-5351
                                             Email: dayna.christian@immixlaw.com
13
                                             *Attorneys for Plaintiff and Counterclaim*
14                                           *Defendants*

15

16   DATED: _____
                                             Russell D. Nugent, *pro hac vice*
17                                           The Humphries Law Firm P.C.
                                             1904 Eastwood Rd, Ste 310A
18                                           Wilmington, NC 28403
                                             Phone:  910-899-0236
19                                           Fax:  888-290-7817
                                             Email: russell@kinglawonline.com
20
                                             *Attorneys for Plaintiff and Counterclaim*
21                                           *Defendants*Attorneys for Plaintiff

22

23   DATED:_____          _____
                                             Stuart R. Dunwoody, WSBA #13948
24                                           Lauren B. Rainwater, WSBA #43625
                                             MaryAnn T. Almeida, WSBA #49086
25                                           Eric A. Franz, WSBA #52755
                                             DAVIS WRIGHT TREMAINE LLP

STIPULATED PROTECTIVE ORDER                                              PAGE - 10
(Case No. 2:21-CV-01705-SKV)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email:  stuartdunwoody@dwt.com
Email:  laurenrainwater@dwt.com
Email:  maryannalmeida@dwt.com
Email:  ericfranz@dwt.com

*Attorneys for Defendant and Counterclaim Plaintiff*

## II.    ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:_____

_____
The Honorable S. Kate Vaughan[Name of Judge]
United States MagistrateDistrict Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Western District of Washington on

_____ [date] in the case of *TSR LLC v. Wizards of the Coast LLC and Wizards of the*

*Coast LLC v. TSR LLC, Justin LaNasa, and Dungeon Hobby Shop Museum* (~~United States~~

~~District Court for the Western District of Washington~~ Case No. 2:21-cv-01705-

SKV)~~_____ [insert formal name of the case and the number and initials~~

~~assigned to it by the court]~~. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____