The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSR LLC,<br><br>      Plaintiff,<br><br> v.<br><br>WIZARDS OF THE COAST LLC,<br><br>      Defendant. | Case No. C21-1705-SKV<br><br>**STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** |
| WIZARDS OF THE COAST LLC,<br><br>      Counterclaim Plaintiff,<br><br> v.<br><br>TSR LLC; JUSTIN LANASA; and DUNGEON HOBBY SHOP MUSEUM LLC,<br><br>      Counterclaim Defendants. | |

### I. STIPULATION

Plaintiff and Counterclaim Defendant TSR LLC, Defendant and Counterclaim Plaintiff Wizards of the Coast LLC, and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum (collectively, the "parties" or in the singular each a "party") hereby enter into this STIPULATION REGARDING DISCOVERY OF

ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER (the "Stipulation and Order") regarding the discovery of electronically stored information ("ESI") in this matter:

A. **General Principles**

   1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

   2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

B. **ESI Disclosures**

   Within 30 days of entry of this Stipulation and Order, or at a later time if agreed to by the parties, each party shall disclose:

   1. <u>Custodians.</u> The parties agree to disclose the primary custodian(s) most likely to have discoverable ESI in their possession, custody, or control. The custodian(s) shall be identified by name, title, connection to the instant litigation, and the type of information under the custodian's control.

   2. <u>Non-Custodial Data Sources.</u> A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

   3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device

///

providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system, or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Foreign data privacy laws.</u>  Nothing in this Stipulation and Order is intended to prevent any party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679.  The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

C. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology.</u> The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- and/or technology-aided methodologies, before any such search effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology throughout the discovery process in this matter.

   a. Prior to running searches:

      i. The producing party shall disclose to the requesting party the data sources (including custodians), 15 search terms and queries, any file

        type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. In the event that a requesting party believes 15 search terms are insufficient, the producing party may provide unique hit counts for each search query. The parties shall then confer in good faith to agree on a final list of search terms before production of ESI to be located by search terms.

    ii.    The following provisions apply to search terms and queries of the requesting party. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results, demonstrating the overbroad results and providing a counter proposal correcting the overbroad search or query. A search that returns more than 400 unique documents, excluding families, is presumed to be overbroad.

b.    After production: Within 21 days of the producing party notifying the requesting party that it has substantially completed the production of documents responsive to a request, the requesting party may request no more than 10 additional search terms or queries. The immediately preceding section (Section C(2)(a)(ii)) applies to this provision.

/ / /

/ / /

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER          PAGE - 4
(Case No. C21-1705-SKV)

3. <u>Format.</u>

   a. ESI and hard copy documents will be produced to the requesting party using Concordance load files with single-page TIFFs, accompanying metadata, and extracted text files or native files. However, if a color image is produced in black and white, each party reserves the right to request that the producing party produce the original color images, as single page, color JPG files.

   b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, will be produced in native format, with an associated placeholder image and endorsed with a unique Bates number.

   c. Each document image file shall be named with a unique number (Bates Number). File names should not be more than twenty characters long or contain spaces. When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, *i.e.*, the original formatting, the metadata (as noted below) and, where applicable, the revision history.

   d. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party. The duplicate custodian information removed during the de-duplication process shall be tracked in a duplicate/other custodian field in the database load file.

/ / /

5. <u>Email Threading.</u> The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Metadata fields.</u> If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent they are reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location, if no custodian exists); author/from, recipient/to, cc, and bcc fields; title/subject; email subject; first Bates Number of parent document; first Bates Number of each child document; file name; file size; file extension; original file path; date and time created, sent, modified, and/or received; and hash value. The list of metadata types is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. <u>Hard-Copy Documents.</u> If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the

corresponding production version of the document followed by its file extension).

**D.     Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in their possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that is difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

///

      e.      Back-up data that is duplicative of data that is more accessible elsewhere.

      f.      Server, system, or network logs.

      g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

      h.      Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, or Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E.    Privilege**

    1.    If requested by a party, a producing party shall create a privilege log of all documents fully withheld from production on the basis of any privilege or protection, unless otherwise agreed or excepted by this Stipulation and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (including but not limited to attorney-client privilege or work-product protection). For ESI, the privilege log may be generated using available metadata, including: author/recipient or to/from/cc/bcc names; the subject matter or title; and the date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties, if requested, no later than 30 days before the deadline for filing motions related to discovery, unless an earlier deadline is agreed to by the parties.

///

    2.    Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

    3.    With respect to privileged or work-product information generated after the filing of the complaint in this matter, the parties are not required to include any such information in privilege logs.

    4.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    5.    Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

IT IS SO STIPULATED:

DATED: June 16, 2022

| IMMIX LAW GROUP PC | THE HUMPHRIES LAW FIRM P.C. |
|---|---|
| s/ Dayna J. Christian<br>Dayna J. Christian, WSB No. 32459<br>Immix Law Group PC<br>400 Winslow Way E., Suite 210<br>Bainbridge Island, WA 98110<br>Phone: (503) 802-5533<br>Fax: (503) 802-5351<br>Email: dayna.christian@immixlaw.com<br><br>*Attorneys for Plaintiff and Counterclaim Defendant TSR LLC and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum LLC* | s/ Russell D. Nugent<br>Russell D. Nugent<br>1904 Eastwood Rd, Ste 310A<br>Wilmington, NC 28403<br>Email: russell@kinglawonline.com<br>Phone: 910-899-0236<br><br>*Pro Hac Vice for Plaintiff TSR LLC, and Counterclaim Defendants TSR LLC, Justin LaNasa, and Dungeon Hobby Shop Museum LLC* |

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(Case No. C21-1705-SKV)

PAGE - 9

DAVIS WRIGHT TREMAINE LLP

<u>s/ Lauren B. Rainwater</u>
Stuart R. Dunwoody, WSBA #13948
Lauren B. Rainwater, WSBA #43625
MaryAnn T. Almeida, WSBA #49086
Eric A. Franz, WSBA #52755
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Phone: (206) 622-3150
Fax: (206) 757-7700
Email:  stuartdunwoody@dwt.com
Email:  laurenrainwater@dwt.com
Email:  maryannalmeida@dwt.com
Email:  ericfranz@dwt.com

*Attorneys for Defendant and Counterclaim Plaintiff Wizards of the Coast LLC*

## II. ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED this 17th day of June, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER                                      PAGE - 11
(Case No. C21-1705-SKV)

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2022, I caused to be served a true copy of the preceding **STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER** on the individuals listed below, by way of the methods indicated:

Stuart R. Dunwoody                                                                                          *Via E-mail*
Lauren Rainwater
Eric A. Franz
MaryAnn T. Almeida
Lisa Merritt
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Email: stuartdunwoody@dwt.com
Email: laurenrainwater@dwt.com
Email: ericfranz@dwt.com
Email: maryannalmeida@dwt.com
Email: lisamerritt@dwt.com

*Attorneys for Wizards of the Coast LLC*

Russell D. Nugent, *pro hac vice*                                                                  *Via E-mail*
The Humphries Law Firm P.C.
1904 Eastwood Rd, Ste 310A
Wilmington, NC 28403
Email: russell@kinglawonline.com

*Attorneys for Plaintiff and Counterclaim Defendants*

_____
Dayna J. Christian
Phone: (503) 802-5533
E-Mail: dayna.christian@immixlaw.com

*Attorneys for TSR LLC, Justin LaNasa, and Dungeon Hobby Shop Museum LLC*

Page 1 – CERTIFICATE OF SERVICE

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: 503-802-5533
Facsimile: 503-802-5351