The Honorable S. Kate Vaughan

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                  AT SEATTLE

10   TSR LLC,                                    No. 2:21-cv-01705-SKV

11                  Plaintiff,                   **MOTION TO ENFORCE THE**
                                                 **PROTECTIVE ORDER**
12        v.                                     **GOVERNING CONDUCT**

13   WIZARDS OF THE COAST LLC,

14                  Defendant.

15   _____           Noted for consideration:
                                                 December 1, 2023
16   WIZARDS OF THE COAST LLC,

17                  Counterclaim Plaintiff,

18        v.

19   TSR LLC; JUSTIN LANASA; and DUNGEON
     HOBBY SHOP MUSEUM LLC,
20
                    Counterclaim Defendants.
21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.      INTRODUCTION

This Court previously entered a Stipulated Protective Order Governing Conduct in this case, after Defendant and Counterclaim Plaintiff Wizards of the Coast LLC brought to the Court's attention the Counterclaim Defendants' campaign of harassment and intimidation targeting third-party witnesses who cooperated with Wizards' discovery efforts.  *See* Dkt. 47.  When TSR LLC filed for bankruptcy on June 8, 2023, Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum immediately resumed the behavior giving rise to—and explicitly prohibited by—that Protective Order, apparently believing the automatic stay of this litigation (*see* Dkt. 57) suspended the Court's Order.  They posted disparaging remarks about third-party witness Don Semora, including the very same website exposing personal information about Semora and calling him names that in part precipitated the Protective Order over a year ago.  But the Court's Protective Order remains in force—and enforceable—regardless of the bankruptcy stay.  Wizards requests that the Court enter an order to enforce the Protective Order Governing Conduct and to sanction Counterclaim Defendants LaNasa and the Museum for these violations.

The automatic stay does not preclude the Court from enforcing its prior order under these circumstances.  Nor does the automatic stay preclude Wizards from seeking an order of sanctions against LaNasa or the Museum because only TSR LLC is the debtor in the bankruptcy proceeding. Any obligation for LaNasa or the Museum to pay sanctions would not affect the administration of the TSR LLC's estate or its assets.  On these grounds and others, on July 18, 2023, Wizards sought an order from the Bankruptcy Court for the Eastern District of North Carolina, where TSR LLC's petition is pending, to confirm that Wizards may file this motion here seeking enforcement of the Protective Order.  Following Wizards' motion and the Bankruptcy trustee's agreement to a consent order, the Bankruptcy Court on November 13, 2023, concluded that the automatic stay does not apply to this motion, affording Wizards leave to file it.

Because LaNasa and the Museum are violating the Court's order by engaging in the harassing behavior it prohibits, the Court should sanction them in the amount of $10,000 and order them to pay Wizards' fees incurred in enforcing the Protective Order.

MOT. TO ENFORCE PROTECTIVE ORDER - 1
(2:21-cv-01705-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

2

### A.   TSR LLC Sued Wizards, and Wizards Counterclaimed Against the LaNasa Parties.

3

4
Wizards is a publisher of fantasy games, including the renowned Dungeons & Dragons

5
game franchise, which it acquired through its 1997 acquisition of D&D's original publisher TSR,

6
_**Inc**_.  In 2021, newly formed TSR _**LLC**_ sued Wizards in this Court, seeking a declaratory judgment

7
that Wizards does not own various trademarks originally established by TSR, _**Inc.**_, including the

8
word mark "TSR," various logos, and marks for "Star Frontiers," another game originally

9
published by TSR, _**Inc.**_  *See* Dkt. 1.  Wizards filed an answer stating its common-law trademark

10
rights in the marks due to continuous use predating TSR LLC's use and asserting counterclaims

11
against TSR LLC, LaNasa, and the Museum for infringing its rights.  Dkt. 11.

12

### B.   The Court Entered a Protective Order After Counterclaim Defendants Harassed Subpoena Recipients.

13
As discovery progressed, Wizards subpoenaed three nonparties in this case, including

14
Wizard Tower Games and Don Semora.  Shortly after the subpoena recipients publicly disclosed

15
their receipt of Wizards' subpoenas and their intention to comply, they began receiving private

16
communications and public comments from Counterclaim Defendants and their associates

17
deriding, threatening, and harassing the subpoena recipients, and in some cases exposing those

18
witnesses' private information.  This harassment occurred on social media and the website

19
donosemora.com, which targeted Semora individually.  Wizards presented evidence of this

20
campaign of harassment to the Court in a hearing on October 19, 2022. *See* Dkt. 41.

21
At that hearing and in the related minute order, the Court directed counsel for Wizards to

22
submit a proposed protective order governing conduct toward witnesses, which counsel did.  *See*

23
*id.*; Dkt. 42.  Because Counterclaim Defendants substantially agreed with Wizards' proposal, the

24
parties coordinated and jointly submitted a Stipulated Proposed Protective Order on November 3.

25
Dkt. 46.  The Court entered that joint proposal on November 4, 2022, making the Stipulated

26
Protective Order Governing Conduct an order of the Court.  Dkt. 47.

27

MOT. TO ENFORCE PROTECTIVE ORDER - 2
(2:21-cv-01705-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Protective Order bars the parties from conduct intended or likely to have the effect of improperly influencing testimony or participation in this lawsuit.  Dkt. 47, ¶ 3.2.  Under the Order, parties are barred from "any direct or indirect conduct to improperly influence testimony or participation in this lawsuit," including:

- any public, limited audience, or private statements intended to or likely to have the effect of harassing, intimidating, threatening, or otherwise improperly influencing Witnesses or a Party in this litigation;

- the actual or threatened dissemination of any personal information about Witnesses or a Party, including information of a personal nature regardless of whether it may be available in the public domain;

- use of a Witness's or a Party's name or likeness in a derogatory or harassing manner;

- false and intentionally harassing reports to law enforcement about a Witness or a Party;

- solicitation, encouragement, or suggestion for others to perform any conduct barred by th[e] Protective Order; and

- any other behavior intended to or likely to have the effect of improperly influencing a Witness or a Party.

*Id.*  The Order designated blogs, public statements, and social media, including YouTube and Facebook, as among the "Applicable Forums" to which these restrictions apply.  *Id.* ¶ 3.3.  The Order directs that "[a]ny violation… shall be brought to the Court's attention," and "[a] Party found to have directly or indirectly violated this Order may be subject to sanctions," including paying "attorneys' fees for the Party bringing the violation before the Court."  *Id.* ¶ 4.

To Wizards' knowledge, these harassing activities ceased for some time in compliance with the Protective Order.

### C.   Harassment by Counterclaim Defendants Resumed After TSR LLC Filed Its Bankruptcy Petition.

TSR LLC filed for bankruptcy in the Eastern District of North Carolina on June 8, 2023.  On June 15, 2023, this Court issued a stay order, acknowledging the automatic stay TSR LLC's petition caused and striking all case deadlines.  *See* Dkt. 57.  The witness harassment resumed almost immediately after TSR LLC filed its petition.  The donosemora.com website was back

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

online as of June 14, with the obvious purpose of harassing Semora.  Declaration of Lauren Rainwater ("Rainwater Decl.") ¶ 2.  On the opening page, it states "AVOID WIZARD TOWER GAMES, Owned and operated by Don. O, Semora[.] Don't join the list of the scammed!"  *See id.* ¶ 2 & Ex. A.  The site includes comments like "Grifting at its finest" and "Scammer Alert" in reference to Semora.  *Id.*  The website includes Semora's background information for download, including personal financial information.  *Id.*  It also includes docket entries from this case, calling them "Semora's Fabricated Leaks."  *Id.*

On June 17, the Museum posted on Facebook linking to the donosemora.com website— and that post remains active as of today:



*See* Rainwater Decl. ¶ 4 & Ex. C.  Anonymous posts on Facebook also directed users to that site, referring to Semora as a "grifter."

> **Anonymous member**
> 21h ·
>
> BEWARE, STAY FAR AWAY FROM THIS PERSON/SHELL COMPAINES AND ALL THAT MINGLE WITH THIS GRIFTER. HE GOT ME FOR A FEW DOLLARS. I SEE OTHERS WERE SCAMMED FOR MUCH MORE!
>
> [https://donosemora.com/don-o-semora](https://donosemora.com/don-o-semora?fbclid=IwAR2... See more

*Id.*  LaNasa, posting on his own Facebook account, wrote that Semora "has caused a lot of others in the publishing/game industry a lot of strife, confusion, and injury," threatening that "he will see the scales of justice very soon."

MOT. TO ENFORCE PROTECTIVE ORDER - 4
(2:21-cv-01705-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Top comments ⌄


Justin LaNasa
Donald got me for 23k plus damages. He has
caused a lot of others in the publishing/game
industry a lot of strife, confusion, and injury.
Don't worry; my case on Semora is still pending,
and he will see the scales of justice very soon.

21h   Like   Reply

Rainwater Decl., ¶ 3 & Ex. B.  LaNasa wrote this within one hour of and in response to the anonymous post described above.

When counsel for Wizards alerted the Counterclaim Defendants' counsel that the Protective Order was being violated, at least some of the harassing content was taken down.  *See* Rainwater Decl. ¶ 5 & Ex. D.

In the past few weeks, Semora has been subjected to fresh harassment.  Semora notified counsel for Wizards that a venue where Semora was planning an event received multiple contacts disparaging him and warning the venue not to do business with him.  The first outreach, in a contact form on the venue's website, asked whether Mr. Semora had engaged the venue for a July 2024 event.  The contact listed "Justin LaNasa" in the field for Name and LaNasa's contact information in other fields.  *See* Rainwater Decl. ¶ 6 & Ex. F.  After this initial outreach, the venue received multiple anonymous emails repeating claims made about Mr. Semora in earlier instances of harassment.

In addition, Semora also informed counsel for Wizards that he was contacted by an agent from the Michigan Department of State, Special Investigation Section, Office of Investigative Services, Enforcement Division, regarding a tip asserting Semora falsely claimed veteran status.  *See* Rainwater Decl. ¶ 7.  Semora provided the agent with documentation of his military service but was concerned and frustrated with these reports against him.  *Id.*

Finally, on November 13, 2023, Semora informed counsel for Wizards that he directly received an anonymous email threatening him and implying that the sender would publish AI-modified pictures of Semora's wife.  *See* Rainwater Decl. ¶ 8 & Ex. F.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**D.      Wizards Sought and Received Leave to File this Motion from the Bankruptcy Court.**

In light of the bankruptcy automatic stay, Wizards moved on July 18, 2023, for the Bankruptcy Court to confirm that the automatic stay did not preclude Wizards from filing a motion in this Court to enforce the Protective Order.  The trustee initially opposed the motion and sought additional time to consider it.  *See* Resp., *In re TSR, LLC*, No. 23-01577-5 (Bankr. E.D.N.C. July 27, 2023), Dkt. 19.  On October 25, the trustee and Wizards filed a consent order regarding Wizards' motion, which the court granted on November 13, 2023.  *See* Rainwater Decl. ¶ 10 & Ex. G.

The Protective Order requires that "Any violation… shall be brought to the Court's attention."  Dkt. 47, ¶ 4.  Wizards thus moves the Court to enforce the Protective Order and sanction LaNasa and the Museum in the amount of $10,000, plus Wizards' fees incurred in bringing the violations before the Court.

### III.      ARGUMENT

**A.      The Automatic Stay Does Not Preclude Enforcing the Order.**

As the Bankruptcy Court ordered, the automatic stay does not prevent this Court from enforcing the Protective Order.  *See* Rainwater Decl. ¶ 10 & Ex. G.  By the plain terms of the statute, an automatic stay in bankruptcy applies only to claims against the debtor or against property of the estate.  11 U.S.C. § 362(a).  "As a general proposition, the stay imposed under § 362(a)(1) applies only to bar proceedings against the debtor, and does not apply to actions against non-debtor third parties or codefendants of the debtor."  *Holland v. High Power Energy*, 248 B.R. 53, 57 (S.D. W.Va. 2000).  LaNasa and the Museum are not covered by the automatic stay as they are independent from TSR LLC.  There is no indication that TSR LLC—as an entity separate from its owner and principal, LaNasa, and now managed by the bankruptcy trustee—engaged in the witness harassment and intimidation subject to this motion.  Wizards' motion would in no way interfere with TSR LLC's bankruptcy case, including the administration of its assets.

Moreover, although Section 362 of the Bankruptcy Code automatically stays "a judicial,

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

administrative, or other action proceeding against the debtor… or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]"; the stay does not cover all activity within pending actions.  11 U.S.C. § 362(a)(1), (6).  Indeed, the automatic stay does not prevent courts from enforcing their own prior orders, including finding parties in contempt where they have violated those orders.  For example, in *In re Rook*, the Eastern District of Virginia Bankruptcy Court concluded a state court finding the debtor in contempt of a divorce settlement order did not violate the bankruptcy stay, where the contempt order "was issued solely to uphold the dignity of the prior… court orders."  102 B.R. 490, 495 (Bankr. E.D. Va. 1989), *aff'd*, 929 F.2d 694 (4th Cir. 1991), *and subsequently aff'd sub nom. Rook v. Rook*, 929 F.2d 694 (4th Cir. 1991). In so holding, the court adopted a "line of authority" permitting the enforcement of prior orders as "within a court's inherent power." *Id.* at 493 (citation omitted).  The bankruptcy court explained that by enacting the automatic-stay provisions of the Bankruptcy Act, Congress could not have

> intended to strip the [non-bankruptcy] court of this power, and instead permit a party to blatantly violate direct orders of the [non-bankruptcy] court and then seek shelter from a bankruptcy judge….  The [non-bankruptcy] court must retain the ability to compel compliance with its orders; a party seeking relief from his creditors is not free to run rampant in flagrant disregard of the powers of the court.

*Id.* (quoting *US Sprint Commc'ns Co. v. Buscher*, 89 B.R. 154, 156 (D. Kan.1988)); *see also In re Dingley*, 852 F.3d 1143, 1147 (9th Cir. 2017) (enforcement of sanctions order for discovery violations did not violate automatic stay in bankruptcy).

Accordingly, Wizards' present motion is in compliance with the automatic stay in the TSR LLC bankruptcy.

**B.    The Court Should Sanction LaNasa and the Museum for Violating the Order.**

LaNasa and the Museum did not even wait one week after TSR LLC's bankruptcy filing to flout the Court's Protective Order Governing Conduct.  By republishing and promoting the donosemora.com website, they maligned Semora and published his sensitive personal information, including banking information.  These are the same scurrilous and derogatory taunts and harassing behavior that led to the imposition of the Protective Order in the first place.  The Court should

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    make clear that the Protective Order means what it says: no party to this litigation should harass,

2    intimidate, threaten, or otherwise hassle witnesses to improperly influence their participation in

3    this litigation.

4        A court has "inherent power" to sanction parties where it "specifically finds bad faith,"

5    such as the party "delaying or disrupting the litigation or hampering enforcement of a court order,"

6    or "[c]onduct 'tantamount to bad faith' includ[ing] 'a variety of types of willful actions, including

7    recklessness when combined with an additional factor such as frivolousness, harassment, or an

8    improper purpose.'" *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 677 (W.D. Wash.

9    2014) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107-08 (9th Cir. 2002)).  Willful

10    disobedience of a protective order is sanctionable.  *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d

11    1015, 1035 (9th Cir. 2012); *see also Cen Com Inc. v. Numerex Corp.*, 2018 WL 1182240, at *5

12    (W.D. Wash. Mar. 7, 2018) (Fed. R. Civ. P. 37(b) "grants courts the authority to impose sanctions

13    where a party has violated a protective order" and collecting cases).  Indeed, the Protective Order

14    here specifically authorizes sanctions, including the imposition of attorneys' fees.  Dkt. 47, ¶ 4;

15    *see also Knickerbocker*, 298 F.R.D. at 682 ("It is well-established that a district court may award

16    sanctions in the form of attorneys' fees against a party who acts in bad faith." (citations omitted)).

17        Because LaNasa and Museum violated the Court's Order through this damaging conduct,

18    the Court should impose sanctions to enforce it.

19        **IV.    CONCLUSION**

20        The Court should sanction Counterclaim Defendant LaNasa for violating the Protective

21    Order.  It should impose a $10,000 monetary sanction on LaNasa and the Museum and require

22    them to pay Wizards' attorneys' fees incurred in connection with bringing these violations to the

23    Court's attention, in an amount to be assessed after the Court rules on this motion.

24        DATED this 16th day of November, 2023.

25                DAVIS WRIGHT TREMAINE LLP
                Attorneys for Defendant
26                Wizards of the Coast LLC

27                By: *s/ Lauren Rainwater*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Lauren Rainwater, WSBA #43625
MaryAnn T. Almeida, WSBA #49086
Tyler Bourke, WSBA #59764
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: 206-622-3150 / Fax: 206-757-7700
Email: laurenrainwater@dwt.com
Email: maryannalmeida@dwt.com
Email: tylerbourke@dwt.com

I certify that this memorandum contains 2,529 words, in compliance with the Local Civil Rules.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax