The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| TSR LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>WIZARDS OF THE COAST LLC,<br><br>        Defendant.<br><br>WIZARDS OF THE COAST LLC,<br><br>        Counterclaim Plaintiff,<br><br>   v.<br><br>TSR LLC; JUSTIN LANASA; and DUNGEON HOBBY SHOP MUSEUM LLC,<br><br>        Counterclaim Defendants. | Case No.: 2:21-cv-01705-SKV<br><br>**COUNTERCLAIM DEFENDANTS JUSTIN LANASA AND DUNGEON HOBBY SHOP MUSEUM LLC'S RESPONSE TO DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT**<br><br>ORAL ARGUMENT REQUESTED |

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 1

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

On June 15, 2023, this Court ordered the entire case stayed and removed from the Court's active caseload until further application from the parties. Docket No. 57. At any time after June 15, 2023, Defendant and Counterclaim Plaintiff, Wizards of the Coast LLC ("Wizards") was entitled to petition this Court for reconsideration of the Court's determination to stay the entire case as to all parties. *Holland v. High Power Energy*, 248 B. R. 53, 57 (S.D.W. Va. 2000) (the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay) (internal citations omitted).

Wizards did not challenge the Court's ruling that the entire case was stayed as to all parties. It wasn't until November 13, 2023 when United States Bankruptcy Judge David M. Warren entered a Consent Order permitting the filing of the Motion that the status of the stay was addressed. Docket No. 59-1 at 92–95. However, the status of the stay was not within the authority of the bankruptcy court and instead, the authority to allow a filing into this stayed case was entirely within the jurisdiction of this Court. *Holland*, 248 B. R. at 57. Wizards' Motion to Enforce the Protective Order Governing Conduct (the "Motion") should be denied based on violation of the stay of the entire case regardless of what was consented to by the bankruptcy attorneys, and then signed by the bankruptcy court.

Should the Court choose to hear this Motion, the Motion must be denied as it contains unsupported allegations of misconduct and seems aimed at sending another party (or the remaining parties) to this litigation into bankruptcy by driving up the cost of litigation. Wizards' Motion is without merit, and the Counterclaim Defendants Justin LaNasa ("Mr. LaNasa") and the Dungeon Hobby Shop Museum LLC (the "Museum") respectfully request that it be denied, and that each be awarded their fees incurred in litigating this Motion.

/ / /

/ / /

/ / /

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 2

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

## II. BACKGROUND

This Court will recall that Wizards' Motion for a Preliminary Injunction (the "Injunction Motion"), filed on September 8, 2022, alleged that an offensive version of a game that Wizards claimed was written by Plaintiff, TSR LLC ("TSR") and distributed by TSR. Docket No. 31 at 3–5. Wizards relied heavily upon a third-party witness, Don Semora ("Mr. Semora"), and his company, Wizard Towers Games' production of an altered and unauthorized document that Wizards complained to the Court was in fact TSR's game and demanded that an injunction be issued to stop the release or sale of the game. *Id.* at 9–11; Docket No. 32 at 4.

As detailed in Plaintiff and Counterclaim Defendants' Response to Defendant and Counterclaim Plaintiff's Motion for A Preliminary Injunction (the "Injunction Response"), TSR described for the Court a long-standing business dispute between Mr. LaNasa and Mr. Semora. Docket No. 37 at 4–7, 10–11. As described therein, Mr. LaNasa and Mr. Semora were business associates dating back to October 2021. *Id.* at 4–5. By October 2022 however, the business relationship had fallen apart and by then, the parties were engaged in a bitter dispute over financial and other matters. *Id.* at 10–11. As argued in the Injunction Response, this bitter dispute may have served as the motive for Mr. Semora to alter the TSR game to include highly offensive content, and then produce the offensive version to Wizards as if it was TSR's game—which Wizards relied upon as the center point of its Injunction Motion. *Id.* at 12. That dispute and the bitterness between these former business associates continues today and likely continues to serve as the motive for the present Motion.

The Injunction Motion and the Injunction Response also demonstrated for the Court the voluminous, highly contentious, and strongly opinionated social media, comments, and video posts made online among gamers in the gaming community. *See* Docket No. 31 at 10–11; Docket No. 37 at 16–17, 20–22. This online behavior continues today, and any number of gaming community members may be responsible for some of the anonymous exhibits provided in support of Wizards' Motion.

///

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 3

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

Prior to the hearing on the Injunction Motion, Wizards pulled the Court deeper into the dispute between TSR and Mr. Semora by accusing TSR of harassing Mr. Semora in online posts and requested an emergency hearing. *Declaration of Dayna J. Christian in Support of Response to Motion to Enforce the Protective Order Governing Conduct* ("Christian Decl."), ¶ 3, Ex. A. The day before the emergency hearing, Wizards provided the Court and counsel with six exhibits purporting to establish that Mr. LaNasa made certain online posts regarding Mr. Semora with the intention of harassing him to the point of tampering with his participation in the case as a witness. *Id*.

At the hearing on October 19, 2022, however, Mr. LaNasa's counsel presented a volume of online posts made *by Mr. Semora* that were threatening, harassing, and insulting *against Mr. LaNasa*. *Id.* at ¶ 4; *see* Docket No. 41. Mr. LaNasa's counsel argued that Wizards' counsel had falsely accused Mr. LaNasa of authoring content that he did not author, and that Wizards could not demonstrate was in any way tied to Mr. LaNasa. *Id.*

At the conclusion of the October 19, 2022 hearing, this Court admonished all parties, including third parties, from behavior that negatively impacts the litigation process. *Id.* at ¶ 5. The Court reminded all that civil litigation is intended to resolve disputes in a civil manner and that playing out litigation on Facebook or otherwise was not appropriate. *Id.* Further, she instructed all to be thoughtful in the public arena and to be sensible moving forward. *Id.* The Court directed the attorneys to collaborate on a protective order that would apply equally to all and to set out prohibited conduct that is directly linked to the case and expressed her concern over conduct that negatively impacts the pending case. *Id.* The Court did not make a finding of misconduct by TSR as Wizards had alleged. *Id.* In light of the Court's caution and directive, the parties agreed to a Stipulated Protective Order Governing Conduct (the "Protective Order") equally applying to all involved. *See* Docket No. 47.

Following this hearing, and after oral argument on the Injunction Motion on November 17, 2022, the Court entered an order denying the Injunction Motion and found Wizards' accusations against TSR (based on the submissions of Mr. Semora) to be unsupported. Docket No. 51 at 2, 14

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 4

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

("the evidence before the Court does not allow for a determination of the individual(s) responsible for creating and disseminating the Subpoenaed SFNG" game).

Now, we find ourselves back here again with the personal dispute still raging between Mr. Semora and Mr. LaNasa and Wizards utilizing that bad blood to file this Motion, causing the cost of this simple declaratory judgment action to skyrocket. Just as in the October 19, 2022 hearing and the Injunction Motion hearing, this Motion accuses Mr. LaNasa and the Museum of wrongdoing without proof, without the requisite intent, and without providing this Court with the full picture of the conduct of these participants. The Motion is baseless and must be denied. Mr. LaNasa and the Museum are entitled to an award for their fees to deter further baseless filings.

## III.  ARGUMENT

This Motion violates the stay entered by the Court on June 15, 2023 and the Court should refuse to hear the Motion. Docket No. 57. Even if the Court hears the Motion, the Motion fails to demonstrate that the complained of content is 1) authored or owned by Mr. LaNasa or the Museum; and 2) that the content violates the Court's order to abstain from improperly influencing testimony or participation in this lawsuit.

### A.  Wizards must carry the burden of proof and it cannot.

Although the Ninth Circuit does not appear to have addressed the burden of proof on a motion for sanctions based on an allegation of witness tampering, the Seventh Circuit set the burden at a preponderance of the evidence. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016) (affirming dismissal upon preponderance of the uncontroverted evidence that plaintiff offered a witness money in exchange for favorable testimony). In addition, any sanctions imposed must be premised on a finding that the culpable party "willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* at 776 (internal citations omitted).

Wizards has not presented sufficient evidence to overcome the preponderance of the evidence burden to establish that Mr. LaNasa or the Museum harassed or tampered with any witnesses, or that either willfully abused the Protective Order or conducted the litigation in bad

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 5

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

faith with the intent to "improperly influence testimony or participation in this lawsuit." *See* Docket No. 47 at 2. Without any evidence of such a violation, the Motion must be denied.

1. **The www.donsemora.com website is in no way linked to Mr. LaNasa or the Museum.**

At the October 19, 2022 hearing, Wizards accused Mr. LaNasa of being the author of the www.donsemora.com website that purported to post personal information and negative content regarding Mr. Semora. Then, and now, Wizards has not and cannot demonstrate that either Mr. LaNasa or the Museum own or authored that website. *See* Docket No. 59-1 at 2–63. To be very clear, Mr. LaNasa does not have the www.donsemora.com website registered to him nor is the website within his control. *Declaration of Justin LaNasa in Support of Response to Motion to Enforce the Protective Order Governing Conduct* ("LaNasa Decl."), ¶ 2.

In fact, neither Mr. LaNasa, the Museum, nor TSR are indicated in any way in the 60-plus pages of the exhibit provided to the Court that captured the website. *See* Docket No. 59-1 at 2–63. Wizards' allegations of a Protective Order violation are tied to timing around the bankruptcy petition on June 8, 2023, and suspicion and nothing more. The timing of the website going live online on June 15, 2023, according to Wizards, in relation to TSR's bankruptcy filing on June 8, 2023 does not exclude others from having raised the website and does not point to Mr. LaNasa or the Museum in any way. Many people in the gaming community were immediately made aware of TSR's bankruptcy filing and posted publicly about it. *Christian Decl.*, ¶ 6. Wizards has made no reported effort to consider parties (other than Mr. LaNasa or the Museum) that may have revived this website. Certainly, there are others who are displeased with Mr. Semora and WTG that could have been responsible. Mr. LaNasa and the Museum have obeyed the Protective Order and intend to continue to do so. *LaNasa Decl.*, ¶ 3.

2. **Anonymous postings are not sufficient to overcome the burden of proof.**

Just as with the prior emergency hearing on October 19, 2022, Wizards again tries to blame Mr. LaNasa (and/or the Museum) for postings and communications by an anonymous source. Wizards seems to accuse Mr. LaNasa of being a Facebook user with the handle "Anonymous

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 6

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

member." Docket No. 58 at 5; Docket No. 59-1 at 68. Neither Mr. LaNasa nor the Museum use the handle "Anonymous member" nor are they the owner of such a Facebook account. *Id.*, ¶ 4.

Wizards also accuses Mr. LaNasa of "multiple anonymous emails repeating claims made about Mr. Semora" sent to a venue where Mr. Semora was scheduled to appear. Docket No. 58 at 6. Also, Wizards tells the Court about "a tip" to law enforcement also suggesting Mr. LaNasa was the tipster. *Id.* No evidence is provided to suggest that Mr. LaNasa or the Museum are the sources of either of these instances.

Similarly, Wizards relies upon an email from "Anonymousemail" as an email account used by Mr. LaNasa. Docket No. 59-1 at 90. The email specifically states: "This is not Justin or anyone else who knows him." *Id.* Nonetheless, Mr. LaNasa is accused of being the author with no further proof or effort by Wizards. Mr. LaNasa (whether personally or on behalf of the Museum) did not write this email and has never used an "Anonymousemail" account. *LaNasa Decl.*, ¶ 5.

Wizards also includes as an exhibit in support of the Motion, what appears to be work product from Mr. Semora directing Wizards (and this Court's) attention to another "'anonymous' poster" on Facebook which is purported to be "Vance K. Yarg." Docket No. 59-1 at 65–67. It is clear from this exhibit that Wizards is relying entirely upon the word and direction of Mr. Semora as its source to support its Motion. Again, to be clear, Mr. LaNasa is not "Vance K. Yarg" and does not control that Facebook account. *LaNasa Decl.*, ¶ 5.

It is clear from Wizards' own submission in support of their Motion that when Mr. LaNasa or the Museum want to engage on social media or to communicate, they each do so in an open, honest, and direct way. *Id.*, ¶ 6; *see* Docket No. 59-1 at 69 and 88 (Mr. LaNasa using his own name), 70 and 73–74 (the Museum using its own account). In fact, Mr. LaNasa and the Museum welcomed the Court's entry of an order over all involved in the litigation (including third-party witnesses) to bring decorum and respect to the litigation process which led to the stipulated Protective Order. *LaNasa Decl.*, ¶ 7; *see* Docket No. 47.

/ / /

/ / /

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER
GOVERNING CONDUCT Page 7

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

B. **<u>Free speech is protected.</u>**

The Protective Order specifically states: "While parties in litigation *retain their First Amendment rights*, their rights regarding the issues before the Court are constrained by the Court's pursuit of truth and the just resolution of disputes. Speech that interferes with this pursuit by harassing, intimidating, pressuring, or otherwise improperly attempting to influence Witnesses or a Party is not permitted." Docket No. 47 at 2 (emphasis added). Parties are allowed their free speech rights so long as the free speech does not spill over into wrongful conduct that is "improperly attempting to influence" the litigation. *Id*.

This stipulated language acknowledges that Mr. LaNasa and Mr. Semora were engaged in an outside business dispute and each harbored frustration outside of the present case, yet each were still entitled to their right to free speech. The line is drawn, however, when speech is aimed at silencing or influencing a potential witness's participation in the case. *Id*.

Nothing in the exhibits provided by Wizards touches this line. Mr. LaNasa clearly takes issue with Mr. Semora's business practices (*see* Docket No. 59-1 at 69), he balances the insults about TSR's bankruptcy filing by calling out other bankruptcy filings (*see* Docket No. 59-1 at 70), and he refers to a "team" tied to Mr. Semora (*see* Docket No. 59-1 at 73). None of these communications cross the line from personal or professional frustration into an improper attempt to persuade, dissuade, or otherwise adversely influence a potential witness in this case. By engaging with Mr. Semora over the many months of this case, Mr. LaNasa has never intended to influence Mr. Semora as a witness and instead, Mr. LaNasa welcomes his participation in the litigation as a sworn witness. *LaNasa Decl*., ¶ 8; *see* 18 U.S.C. 1512(e) (regarding criminal prosecution of witness tampering, "it is an affirmative defense…that the conduct consisted solely of *lawful conduct* and that the defendant's *sole intention was to encourage, induce, or cause the other person to testify truthfully*.") (emphasis added).

/ / /

/ / /

/ / /

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 8

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

C.  **Mr. Semora has relentlessly pursued Mr. LaNasa publicly.**

Just as with the October 19, 2022 emergency hearing, Wizards again misleads this Court by failing to provide a full picture. Mr. Semora has relentlessly attacked, insulted, and worked to humiliate Mr. LaNasa publicly at every turn. For example, Mr. Semora makes lewd and inappropriate innuendos towards Mr. LaNasa and others to provoke Mr. LaNasa. *LaNasa Decl.*, ¶ 9. Mr. Semora's posts demonstrate that he is tracking Mr. LaNasa's business dealings and suggesting to the public that his business is not properly formed and engaging in illegal activities to interfere with his business dealings and to intimidate him publicly. *Id.*, ¶ 10.

Wizards motions this Court for sanctions claiming that Mr. Semora has been the subject of prohibited harassment interfering with the litigation, yet Mr. Semora regularly and publicly comments on the pending legal disputes between he and Mr. LaNasa regarding financial and other business issues, he comments on *this case* pending in Washington, and he comments on the bankruptcy case pending in North Carolina. *Id.*, ¶ 11. The examples provided by Mr. LaNasa in his declaration are just a few of the nearly constant taunts, harassing content, threats, and provocative content posted by Mr. Semora against Mr. LaNasa, the Museum, and TSR. *Id.*, ¶ 12. In addition to Mr. Semora's direct posts and videos, he also regularly comments on the public posts of others and videos posted by others to further taunt, harass, and threaten Mr. LaNasa and his companies and to inspire others to do the same. *Id*. If requested by the Court, Mr. LaNasa will testify to or provide proof of this additional content. *Id*.

D.  **"Bad blood" does not violate the Protective Order.**

Despite the lack of proof of the alleged content that Wizards relies upon to support its Motion, the long-standing dispute between these private parties (Mr. LaNasa and Mr. Semora) does not support a finding of a Protective Order violation. The District Court in Missoula, Montana was faced with a similar fact pattern and reached exactly that finding. *See Adams v. Roberts*, 2021 WL 1530092 (D. Montana, Missoula Div. April 19, 2021).

In the Montana case, Plaintiff, Brendan Adams ("Adams") brough suit against Defendant, Howard Roberts ("Roberts"), for injuries suffered by Adams in a 2017 fight. *Id.* at *1. A third-

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 9

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

party witness, John Kenney ("Kenney"), possessed video footage of Adams purporting to contradict Adams' claim of pain and discomfort resulting and lingering from the injuries sustained in the fight. *Id.* Adams and Kenney ran into each other at a local bar, and an altercation ensued where each insulted and intimidated the other and threats were exchanged. *Id.* Roberts moved for sanctions against Adams alleging witness intimidation and a "flagrant attempt to tamper with and intimidate one of Roberts' key witnesses." *Id.*

Like the Protective Order in the present case, the motion filed by Roberts relied upon prohibitions under federal anti-witness tampering law that prohibits "knowingly using intimidation and threats 'to prevent the testimony of any person in an official proceeding.'" *Id.* at *2. Further, the law "requires 'a finding of intent to cause a witness to withhold testimony.'" *Id.* (internal citations omitted). Roberts failed to sustain his burden of proof on the issue of whether the Adams' alleged conduct was intended to "cause Kenney to withhold testimony." *Id.* at *3. Instead, the District Court found that while "bad blood" ran between Adams and Kenney, and they "each felt antagonized by the other," the true reason for their fight was "genuinely in dispute." *Id.*

The District Court found that Roberts failed to meet his burden and stated that "it has no jurisdiction to punish a litigant for bad behavior wholly unrelated to the case before it." *Id.* at *4. Further, the District Court cautioned the litigants that "this is a simple case" and they are "cautioned not to unnecessarily muddy the waters by making this case about anything other than the fight in 2017 that formed the basis of the Complaint." *Id.* at *5.

The same result and the same cautions are appropriate here. Wizards has failed to demonstrate any communication or post authored or controlled by either Mr. LaNasa or the Museum that contains an intent to "engage in any direct or indirect conduct to improperly influence testimony or participation in this lawsuit" as prohibited by the Protective Order. Docket No. 47 at 2. On the contrary, Mr. LaNasa welcomes Mr. Semora's participation in the lawsuit as a witness under oath and where his credibility can be tested by the Federal Rules of Evidence. *LaNasa Decl.*, ¶ 8.

///

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 10

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

1  Wizards well-knows that motions like this ten-page Motion accompanied by 95 pages of
2  exhibits is time consuming and costly to defend. Wizards is also well aware of the "bad blood"
3  between these parties and the persistent antagonism at issue here. This Motion provides no
4  statement or action *by Mr. LaNasa or the Museum* that demonstrates any intention to improperly
5  influence testimony or participation in this lawsuit. Like the *Roberts* District Court, this Court
6  should caution Wizards from "muddying the waters" in this very simple declaratory judgment
7  action over trademark rights.

8  **E.    Wizards and Mr. Semora should be admonished from violating the Protective Order.**

9  The Protective Order addresses "conduct regarding witnesses in this case, including third-
10 party subpoena recipients, witnesses subject to deposition or examination at trial, and any other
11 person who may have or be perceived to have information pertinent to the issues in this lawsuit,
12 including the parties' claims and defenses (collectively, "Witnesses"), *and the named parties to*
13 *this case* (collectively referred to as a "Party" or "Parties")." Docket No. 47 at 1–2 (emphasis
14 added). Mr. LaNasa and the Museum are within the protections of the Protective Order and yet
15 Mr. Semora regularly insults, harasses, and attempts to intimidate Mr. LaNasa publicly. *LaNasa*
16 *Decl.*, ¶¶ 9–12. Mr. Semora, clearly providing documents and argument to, and working closely
17 with, Wizards and its counsel, repeatedly falsely accuses Mr. LaNasa of authoring offensive
18 content (*see* Docket Nos. 31, 32) and hiding behind anonymous writings (*see* Docket Nos. 40, 58,
19 59, 59-1). Mr. Semora falls within the Protective Order as a person "acting under [Wizards']
20 direction or control."[1] Docket No. 47 at 2. Despite this constant barrage, Mr. LaNasa has not
21 pressed the Court for protection when Wizards has now three times run to the Court with Mr.
22 Semora on this seemingly personal vendetta. *See* Docket Nos. 31, 40, 58. Like the prior two runs,
23 / / /

24

---

25 [1] Further, Mr. Semora describes in a YouTube posting that when he was served with a search
   warrant, he called Wizards, Wizards called back, and he and the Detective serving the search
26 warrant spoke to Wizards' counsel regarding the personal search warrant. This strongly indicates
   a "direction and control" link between Mr. Semora and Wizards and its counsel. *LaNasa Decl.*,
27 ¶ 11 at 9.

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER
GOVERNING CONDUCT Page 11

this Motion also fails and must be denied. This pattern cannot continue, and Mr. LaNasa and the Museum are entitled to an award of each of their fees incurred in defending this Motion.

## IV. CONCLUSION

For the reasons set forth above, Mr. LaNasa and the Museum respectfully request that Wizards' Motion be denied, and their fees awarded.

Dated: November 27, 2023

IMMIX LAW GROUP PC

_____
Dayna J. Christian, WSB No. 32459
400 Winslow Way E., Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

*Attorneys for Plaintiff and Counterclaim Defendant TSR LLC and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum LLC*

I certify that this memorandum contains 3,791 words, in compliance with the Local Civil Rules.

RESPONSE TO MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT Page 12

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2023, I caused to be served a true copy of the foregoing **COUNTERCLAIM DEFENDANTS' RESPONSE TO DEFENDANT AND COUNTERCLAIM PLAINTIFF'S MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT** on the party or attorneys listed below, by email:

| | |
|---|---|
| Lauren B. Rainwater<br>MaryAnn T. Almeida<br>Tyler Bourke<br>Eric Franz<br>DAVIS WRIGHT TREMAINE LLP<br>920 Fifth Ave., Suite 3300<br>Seattle, WA 98104<br>laurenrainwater@dwt.com<br>maryannalmeida@dwt.com<br>ericfranz@dwt.com<br>tylerbourke@dwt.com<br>Phone: (206) 622-3150<br><br>*Attorneys for Defendant/Counterclaim Plaintiff Wizards of the Coast LLC* | Russell D. Nugent<br>THE HUMPHRIES LAW FIRM P.C.<br>1904 Eastwood Rd, Ste 310A<br>Wilmington, NC 28403<br>russell@kinglawonline.com<br>Phone: 910-899-0236<br><br>*Accepted Pro Hac Vice for Plaintiff TSR LLC, and Counterclaim Defendants TSR LLC, Justin LaNasa, and Dungeon Hobby Shop Museum LLC* |

_____
Dayna J. Christian, WSB No. 32459
IMMIX LAW GROUP PC
400 Winslow Way E., Suite 210
Bainbridge Island, WA 98110
Dayna.Christian@immixlaw.com
Phone: (503) 802-5533

*Attorneys for Plaintiff and Counterclaim Defendant TSR LLC and Counterclaim Defendants Justin LaNasa and Dungeon Hobby Shop Museum LLC*

CERTIFICATE OF SERVICE - Page 1

Immix Law Group PC
400 Winslow Way E. Suite 210
Bainbridge Island, WA 98110
Phone: (503) 802-5533
Facsimile: (503) 802-5351