The Honorable S. Kate Vaughan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TSR LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WIZARDS OF THE COAST LLC,<br><br>　　　　　　Defendant.<br><br>———————————————<br>WIZARDS OF THE COAST LLC,<br><br>　　　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>TSR LLC; JUSTIN LANASA; and DUNGEON HOBBY SHOP MUSEUM LLC,<br><br>　　　　　　Counterclaim Defendants. | No. 2:21-cv-01705-SKV<br><br>**REPLY IN SUPPORT OF MOTION TO ENFORCE THE PROTECTIVE ORDER GOVERNING CONDUCT**<br><br><br>Noted for consideration:<br>December 1, 2023 |

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

LaNasa and the Museum concede they posted harassing content about third-party witness Don Semora. This activity alone violated the Protective Order, and the First Amendment does not excuse it.

For other instances of harassment, these Counterclaim Defendants attempt to distance themselves from the conduct in question. But the timing and circumstances are too closely connected to be happenstance: when Wizards first raised the issue of witness intimidation last year, the conduct ceased at the direction of Counterclaim Defendants' counsel; when the bankruptcy stay took effect, it resumed; when Wizards *again* alerted counsel, the conduct ceased *again*. Under these circumstances, LaNasa's involvement is far more likely than not—easily meeting the preponderance-of-the-evidence standard Counterclaim Defendants advance.

Finally, Counterclaim Defendants attempt to divert the spotlight to Semora's behavior, rather than their own. But Semora is not a party to the case or subject to the Protective Order, nor is he under Wizards' control. Anything he says or does is wholly irrelevant to the harassing conduct that *is* before the Court—that of LaNasa, the Museum, and anyone acting under their control or on their behalf in violation of the Protective Order.

The Court should grant Wizards' motion.

## II. ARGUMENT

### A. Wizards' motion is properly before the Court.

Counterclaim Defendants argue in their introduction that Wizards' motion violates the stay this Court entered in light of the automatic bankruptcy stay. Dkt. 60 (Opp.) at 1. That procedural objection has no basis: the Court's stay follows the Bankruptcy Code's automatic stay provisions, and it applies only according to those terms. As Wizards explained and the bankruptcy court's order confirms, the Court retains the ability to consider Wizards' motion as directed to LaNasa and the Museum, who are unaffected by TSR LLC's bankruptcy.

### B. Wizards need not prove bad faith.

Counterclaim Defendants attempt to heighten the standard for Wizards' motion by arguing

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that the Court must find bad faith to impose sanctions for witness tampering, *see* Opp. at 5-6, but this argument imports a standard not applicable on this motion. Wizards' motion is premised on the Counterclaim Defendants' violation of this Court's order. Sanctions in this context fall under the Court's inherent authority and thus may be imposed for any "willful" violation of the Court's order. *MacNeil Auto. Prod. Ltd. v. Jinrong (SH) Auto. Accessory Dev. Co.*, 2021 WL 3674792, at *8 (W.D. Wash. Aug. 19, 2021). "Willfulness does not require proof of intent or improper motive; rather, the Court must merely conclude that the sanctioned party acted deliberately." *Id.* Wizards has readily met this standard in its motion, which shows LaNasa and the Museum's deliberate conduct in harassing and amplifying the harassment of Semora.

### C. LaNasa and the Museum admit conduct violating the Protective Order.

The Court's consideration of Wizards' motion can start and end with LaNasa and the Museum's admissions regarding their conduct. Neither disputes the evidence Wizards provided that these Counterclaim Defendants posted attacks on Semora via online accounts they admit controlling. Specifically, they admit to the Facebook and YouTube posts about Semora reproduced at PDF pages 69 and 70 of the Rainwater exhibit set (Dkt. 59-1). These posts violated at least the first bullet point under Paragraph 3.2 of the Protective Order. They also admit the Museum's Facebook post reproduced at PDF pages 73 and 74 of the Rainwater exhibit set, which links to the donosemora.com website. This additionally violated the second bullet of Paragraph 3.2, in that it "disseminat[ed]… personal information about Witness[]" Semora.

### D. The First Amendment does not protect LaNasa and the Museum's admitted conduct violating the Protective Order.

With respect to the admitted conduct, Counterclaim Defendants defend their actions only on First Amendment grounds, *see* Opp. at 8, but this argument completely ignores context and misstates First Amendment law.

*First*, the parties jointly presented the Protective Order to the Court as a stipulated protective order. *See* Dkt. 46. LaNasa and the Museum thus *agreed* to the entry of the Protective Order—and they reiterate their acceptance of the Protective Order in their briefing on this motion.

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*See* Opp. at 7.  They cannot now complain that the Protective Order to which they agreed somehow violates their rights.

*Second*, the First Amendment does not protect witness harassment.  Courts regularly uphold laws prohibiting witness tampering or other obstructions of legal process against challenges under the First Amendment.  *See, e.g.*, *United States v. Shoulberg*, 895 F.2d 882, 886 (2d Cir. 1990) (upholding sentence enhancement for obstruction of justice where messages sent to witness "carried overtones of imminent threat" not protected by the First Amendment); *Navarro v. Paramo*, 2015 WL 1238705, at *7 (C.D. Cal. Mar. 16, 2015) (embracing state court's decision that law prohibiting interference with witnesses' reports to law enforcement was constitutional).  There simply is "no First Amendment right to make intimidating threats against [] witnesses." *United States v. Jackson*, 974 F.2d 104, 106 (9th Cir. 1992) (quoting *Shoulberg*, 895 F.2d at 886).

*Third*, the First Amendment permits the use of protective orders to avoid witness harassment.  In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 27 (1984), a religious group sought a protective order to bar disclosure of personal identifying information that would be exchanged in discovery, based on concerns that those individuals identified would be subjected to harassment.  The court issued a protective order prohibiting disclosure of this information except as necessary to litigate the case, and the Supreme Court upheld this restriction, explaining that the protective order in question "implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context."  *Id.* at 34.  Indeed, the law "requires that the trial court have substantial latitude to fashion protective orders" to protect orderly litigation, including with respect to discovery.  *Id.* at 36.  *Seattle Times* thus validates the use of protective orders to safeguard the litigation process from abuses.

In asserting First Amendment protections, Counterclaim Defendants argue that their admitted "insults" do not "cross the line" into witness intimidation, Opp. at 8, but the line they attempt to draw has no basis.  LaNasa and Semora's purported "long-standing business dispute" started long before the campaign of harassment targeting Semora.  *See* Opp. at 3 (describing business association between LaNasa and Semora dating from October 2021 and describing "a

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

bitter dispute" before the Protective Order was entered). Yet there is no evidence of harassment or attacks against Semora until *after* Wizards subpoenaed him in connection with this case. In any event, the Protective Order bars both conduct "intended" *or* "likely to have the effect of harassing, intimidating, threatening, or otherwise improperly influencing" parties or witnesses. Dkt. 47 ¶ 3.2. Even if LaNasa intended only to "insult" Semora regarding his business dealings (as LaNasa attests in his self-serving declaration), the statements were obviously likely to do far more than that. That's especially true of the posts linking to the invasive and extremely harassing website doxing Semora and exposing sensitive personal information—a website that in part led to the entry of the Protective Order in the first place.

Likewise, LaNasa's assertion of "bad blood" does not excuse his conduct. Counterclaim Defendants cite *Adams v. Roberts*, 2021 WL 1530092 at *3 (D. Mont. April 19, 2021), but in that case there was no credible evidence that the party who threatened a witness knew that the target was a witness at the time of the threat. *Id.* In context, the "bad behavior" was "wholly unrelated to the case" and in any event did not appear to be "anything other than a Saint Patrick's Day bar dispute." *Id*. at *4. Here, LaNasa knew at all relevant times that Semora is a witness in this case. Moreover, the timing of the attacks against Semora—beginning immediately after he made public the news that he received and would cooperate with Wizards' subpoena, and resuming as soon as the bankruptcy stay took effect—makes quite clear that Semora's participation in this case motivated LaNasa's conduct.

E. **The donosemora.com website and anonymous emails appear attributable to LaNasa.**

LaNasa disclaims responsibility for the website, emails, and posts that are not under his or the Museum's names, but the circumstances strongly suggest his heavy involvement—if not direction and control.

*First*, LaNasa cannot seriously dispute that he controlled the donosemora.com website originally posted in October 2022—which was reposted in identical form right after the bankruptcy stay was entered. While LaNasa now claims in a carefully worded declaration that the

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

donosemora.com website is not currently registered to him or within his control, he does not deny that it was previously registered to him or under his control. *See* Dkt. 61 ¶ 2. Counsel for the Counterclaim Defendants tacitly confirmed as much by acknowledging the request from Wizards' counsel for confirmation that the website would be permanently taken down by stating that counsel was "not aware of any intention for the Don Semora website to be live while this case is pending." *See* Rainwater Decl. Ex. D, Dkt. 59-1 at PDF page 81. Counterclaim Defendants' counsel would have no basis for such a representation unless she had received information from her client to support it. Likewise, previous correspondence between counsel regarding the donosemora.com successfully resulted in the website being taken down.

*Second*, the various instances of anonymous harassment correspond closely with events in this case and the TSR LLC bankruptcy, as well as with the instances of harassment to which LaNasa and the Museum admit. This timing demonstrates an obvious connection between LaNasa and the anonymous activity in question. For example:

- The earliest instances of harassment, directed at both Semora and third-party witness Michael Hovermale, began immediately after the witnesses received subpoenas from Wizards in connection with this litigation. Those instances involved LaNasa operating under his own name as well as activity from anonymous emails and accounts;
- When counsel for Wizards requested that Counterclaim Defendants' counsel direct her clients to take down offensive content, including the website, that content temporarily was taken down. Rainwater Decl. ¶ 5 & Ex. D (Dkt. 59-1 at 80-83);
- TSR LLC filed for bankruptcy on June 8, 2023, and the Counterclaim Defendants filed a notice of automatic stay in this case on June 12, 2023. *See* Dkt. 56. By June 14, 2023— two days later—the donosemora.com website was back up. Rainwater Decl. ¶ 2 & Ex. A;
- On June 14, 2023, an "anonymous" account posted a link to the website, and LaNasa responded under his own name within an hour. *Id.* ¶ 3 & Ex. B (Dkt. 59-1 at 68-69). Dungeon Hobby Shop Museum Facebook likewise posted a link to that website within three days of it being back up. *Id.* ¶ 4 & Ex. C (Dkt. 59-1 at 73-74);

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

- Counsel for Wizards sent a letter to counsel for Counterclaim Defendants and the conduct ceased for some time; and
- On October 18, 2023, LaNasa, using his own name, contacted a venue where Semora was planning an event; anonymous threatening emails to the venue followed shortly thereafter. *Id.* ¶ 6 & Ex. E.

Each of these examples demonstrates the close connection between LaNasa's conduct and anonymous or pseudonymous conduct he disclaims. This pattern shows LaNasa's control over the harassment directed at Semora, even if LaNasa himself is not the one clicking the button to post or send the offending messages. Under these circumstances, his responsibility is clear.

### F. Semora's actions are irrelevant.

Counterclaim Defendants finally argue that Semora's activities justify their own and should be attributed to Wizards. But unlike Counterclaim Defendants, Semora is not a party to this lawsuit, nor is he subject to the protective order. His conduct thus cannot violate the Court's order, by which he is not bound.

Nor can Semora's conduct be attributed to Wizards. Certainly, as Wizards has disclosed, Semora has alerted Wizards' counsel to harassment he has experienced. But this does not show that they are "working closely" together. *Cf.* Opp. at 11. Counsel for Wizards does not, and has never, represented Semora. Wizards does not, and has never, directed or controlled him. And counsel's communication with Semora as a witness and third-party subpoena recipient has been just that: communication between a party's counsel and a third-party witness pertaining to the witness's participation in the case.

Wizards raising the witness harassment issues to this Court has nothing to do with Semora's purported "vendetta," *id.*—and everything to do with its interest in the orderly litigation of this case and the Protective Order's requirement that "[a]ny violation… shall be brought to the Court's attention." Dkt. 47 ¶ 4.

### III. CONCLUSION

The Court should sanction LaNasa and the Museum as requested in Wizards' motion.

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 1st day of December, 2023.

        DAVIS WRIGHT TREMAINE LLP
        Attorneys for Defendant
        Wizards of the Coast LLC

        By: *s/ Lauren Rainwater*
            Lauren Rainwater, WSBA #43625
            MaryAnn T. Almeida, WSBA #49086
            Tyler Bourke, WSBA #59764
            920 Fifth Avenue, Suite 3300
            Seattle, WA 98104-1610
            Tel: 206-622-3150 / Fax: 206-757-7700
            Email: laurenrainwater@dwt.com
            Email: maryannalmeida@dwt.com
            Email: tylerbourke@dwt.com

I certify that this memorandum contains 2,096 words, in compliance with the Local Civil Rules.

REPLY IN SUPPORT OF MOT. TO ENFORCE
THE PROTECTIVE ORDER (2:21-cv-01705-SKV) - 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 3300
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax